JOSEPH E. NEWBURGER, Respondent, *against* THE MANNECK MANUFACTURING COMPANY, Appellant.

(Decided December 5th, 1881.)

Where, upon dissolving an injunction, a specific amount is awarded by the court as damages to a party against whom the injunction was granted, and the award is assigned by him, and an action brought thereon by the assignee, any counter-claim will be valid against the latter that would have been valid against the assignor, if it belonged to the defendant before he received notice of the assignment.

APPEAL from a judgment of a district court in the City of New York.

The facts are stated in the opinion.

*A. W. Otis*, for appellant.

*Joseph E. Newburger*, respondent, in person.

VAN HOESEN, J.—The Manneck Manufacturing Company obtained an injunction against Manneck, which was afterwards dissolved, and Manneck was awarded by the court fifty dollars as the damages which he had sustained by the wrongful suing out of the injunction. This award of damages Manneck assigned to the plaintiff, who brought this action to recover the amount of it. The defendant had, at the time of the assignment to Newburger, and still has, a claim against Manneck for more than fifty dollars, for money lent to him, and it attempted to counter-claim, or set-off, that claim against the plaintiff's demand. The justice refused to consider the counter-claim, and gave judgment for the plaintiff.

The action of the plaintiff on the undertaking was an action on contract. The damages were liquidated, having been fixed by the court. The claim was only an ordinary money demand, and the fact that it had its origin in a legal proceeding nowise altered the rights of the parties to this action. If any other money demand would be subject to set-off, then the claim in

suit would be.    Section 502 expressly provides that there may be a counter-claim where an assignee sues on a demand founded upon contract, and that any counter-claim that would be valid against the assignor will be valid against the assignee if it belonged to the defendant before he received notice of the assignment.    Section 1909 is to the same effect, though the last sentence of that section is couched in terms that are ambiguous and infelicitous to a degree uncommon even in the Code of Civil Procedure.    That sentence provides that there shall be no counter-claim " where the rights or liabilities of a party to a claim or demand, which is transferred, are regulated by special provisions of law."    What these demands are, the right to which is regulated by special provisions of law, the learned codifier does not enable us to say with certainty, but as he states in his note that the last sentence of section 1909 is to be read in connection with section 502, I suppose he meant simply this, that in determining whether the right of a transferree of a claim is to be affected by a counter-claim or set-off, we are to be guided by the special provisions of law contained in section 502.    I can not bring myself to the conclusion that it was the intention to say that where an action was brought upon an undertaking an off-set should not be allowed, if the plaintiff were an assignee of the claim sued upon.

I think that the judgment should be reversed.

J. F. Daly, J.—I cannot see that this action is within the exception of section 1909 of the Code.    What the rights and liabilities may be, which are therein described as regulated by special provisions of law, does not readily appear.

Judgment reversed, with costs.